Pasquale Ferrante
vs.
Pasquale Placella
} Law No. 79046.

### DECISION.
### August 8, 1929.

FROST. J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $152.

From the evidence it appears that plaintiff entered into an oral contract with defendant to paint two houses and a garage for $800. After doing a certain amount of work plaintiff removed his ladders, staging, etc., and did not complete the contract. The work was afterwards completed by another contractor. The real issue in the case as submitted to the jury was whether the plaintiff had of his own volition abandoned the job and so had broken the contract or whether the defendant had refused to allow him to complete the contract.

After some work had been done on the houses the defendant found Carparco, an employee of Ferrante's, using paint which he thought contained Prussian Blue, so-called. He found fault with this and stopped the work, as he, Placella, testified, in order that he might see Ferrante and tell him that he wanted him to use no Prussian blue in the paint. Carparco stopped at once but it is not wholly clear from his testimony that he understood that he was stopped for all time or only for such time as would allow Placella to see Ferrante and straighten out the matter of Prussian blue. Ferrante came to the house where Carparco had been working shortly after the latter had been told to cease work. He went in and came out much excited and a few minutes later took away his equipment. Ferrante's testimony was to the effect that he had been "pushed out."

Placella's own testimony was substantially that he was simply finding fault with work being done and materials being used at the time and in no sense attempting to stop the work as a whole.

There was a clear issue for the jury as to just what was said by Placella to Carparco and what was said by Placella to Ferrante. The testimony given at the trial by defendant and his witnesses was that the work done by plain-

tiff's men was extremely poor and this evidence was so strong that it might well have caused the jury to believe that he was glad to get rid of Ferrante and that he had practically pushed him off the job as testified to by the plaintiff.

The Court instructed the jury that if Placella and not Ferante had broken the contract, Ferrante could collect the fair value of work and labor done as well as profit which would have been realized had the contract been completed. Assuming the contract to have been broken by Placella the amount found by the jury to be due was a fair amount upon the evidence and under the instructions of the Court. In the opinion of the Court there was a fair question of fact for the jury which was determined in favor of the plaintiff. The Court is satisfied with the verdict. Motion denied.

For plaintiff: William M. P. Bowen.
For defendant: Edward M. Sullivan